UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STEVE F. JONES,

          Plaintiff,

                                       CASE NO. 1:06-CV-322

v.

                                       HON. ROBERT J. JONKER

THE INTERNAL REVENUE SERVICE,

          Defendant.

_____/

## OPINION

Plaintiff Jones has brought this action against the IRS under the Freedom of Information Act, 5 U.S.C. 552 ("FOIA"). This matter is before the Court on Defendant's Motion for Summary Judgment (docket # 20).

### Background

During 2005 and 2006, following a tax determination against him for the years ending 1997 through 2003, Mr. Jones made a series of requests from the IRS under FOIA. (Amended Compl., docket # 17, at ¶ 10.) Initially, via letter of September 14, 2005, he sought information relating to a Form 668-W, a tax collection form issued to him. (Mem. of Law in Support of Def.'s Mot. for Summ. J., docket # 20, Exhibit A, Decl. of Teresa Caban, at ¶ 4 and Attachment A.) Mr. Jones's request focused primarily on information concerning the IRS agent who had signed the Form 668-W. (Id. at ¶ 4 and Attachment A.) Teresa Caban, a Disclosure Specialist with the IRS, processed his request. (Id. at ¶¶ 1 - 3.)

Ms. Caban searched for the records relevant to the Form 668-W Mr. Jones had described and gathered other pertinent information.  (*Id*. at ¶ 5.)  She prepared a letter for signature by her supervisor to send to Mr. Jones along with documents responsive to the request and not subject to an exemption under FOIA.  (*Id*.)  The letter addressed each of Mr. Jones's inquiries, providing much of the information and documentation he requested.  (*Id*. at ¶ 6 and Attachment B.)  The letter also described legal limits on employee information the IRS could disclose, citing applicable legal provisions, and explained that the IRS could not provide the employee's Pocket Commission information because of those legal restrictions. (*Id*.)[1]

Mr. Jones responded with a letter dated November 7, 2005, entitled "Notice of Fault." (*Id*. at ¶ 13.)  The letter indicated that Mr. Jones considered the response to his September 14 letter incomplete and reiterated many of his September 14 requests.  (*Id*. at ¶ 14.)  Ms. Caban determined, based on her experience and personal knowledge and in consultation with Karen Hines, Disclosure Manager, that Mr. Jones actually had received all the documents responsive to his September 14 request not subject to withholding.  (*Id*. at ¶ 15.)  Ms. Caban and Ms. Hines treated the letter as an appeal and placed it in Mr. Jones's closed file.  (*Id*.)

Mr. Jones, by letter of November 28, 2005, submitted another request to the IRS for information under FOIA.  (*Id*., Ex. B., Decl. of Mark Huneke, at ¶ 3.)  He asked for (1)

---

[1] The letter, dated October 27, 2005, evidently crossed in the mail with a second request dated October 22, 2005, for the same information.  (*Id*. at ¶¶ 10-11.)  The IRS therefore did not respond to Mr. Jones's October 22, 2005 letter.  (*Id*.)

"[c]ertified copies of Notice from [the IRS] . . . that Steve F. Jones was required to keep books, records, and file returns for any of the eight classes of tax administered by the Internal Revenue Service" for the years 1996-2004; and (2) "[c]ertified copies of assessment certificates (Form 23-C)" for the same years.  (*Id.*, Attachment A.)  Mark Huneke, now a Program Evaluation and Risk Analyst with the IRS and formerly an IRS Disclosure Specialist, processed Mr. Jones's request.  (*Id.* at ¶ 3.)  Mr. Huneke searched for documents responsive to the request by searching the IRS's transcript delivery system, which provides users with account transcripts of individual taxpayers.  (*Id.* at ¶ 4.)  He determined that the IRS had made assessments for tax liabilities and/or penalties against Mr. Jones for tax years 1997-2003 but that there were no assessments against Mr. Jones for the 1995, 1996 and 2004 taxable periods.  (*Id.* at ¶ 5.)

Mr. Huneke responded to Mr. Jones by letter dated December 9, 2005.  (*Id.* at 6.)  Mr. Huneke advised Mr. Jones in response to his first request that § 6001 of the Internal Revenue Code permits but does not mandate that the IRS require a person by notice served to make returns or keep records.  (*Id.*)  Mr. Huneke added that if Mr. Jones had received such a notice, it would have been computer-generated and that the IRS would not have maintained a hard copy.  (*Id.*)  Therefore, he explained, the IRS had no documents to provide in response to Mr. Jones's first request.  (*Id.*)  Mr. Huneke also enclosed copies of account transcripts reflecting assessments against Mr. Jones.  (*Id.* at 7.)  Mr. Huneke explained in his letter that the Form 23C Mr. Jones had mentioned is an aggregate record of

assessments that does not identify a specific taxpayer but that the enclosed account transcripts provided information specific to Mr. Jones. (*Id*. at Attachment B.) Mr. Huneke also described in the letter the process for obtaining copies of Forms 23C. (*Id*.) Finally, Mr. Huneke noted that FOIA does not obligate the IRS to provide certified copies of documents. (*Id*.)

By letter dated December 21, 2005, Mr. Jones requested from the IRS certified copies of Form 23C specific to him reflecting alleged tax liabilities for the tax years 1995 - 2004. (*Id*., Ex. C., Decl. of Bonnie Mullins, at ¶ 3.) Bonnie Mullins, an IRS Disclosure Specialist, processed the request. (*Id*.) Like Mr. Huneke, she searched an IRS database of current taxpayer account information. (*Id*. at ¶ 4.) She determined that the IRS had made assessments for tax liabilities and/or penalties against Mr. Jones for tax years 1997-2003 but that there were no assessments against Mr. Jones for the 1995, 1996 and 2004 taxable periods. (*Id*. at ¶ 4.) Ms. Mullins responded to Mr. Jones's request by letter dated January 25, 2005. (*Id*. at ¶ 5.) Like Mr. Huneke, she enclosed account transcripts reflecting the assessments against him. (*Id*. at 5.) She also explained to Mr. Jones that the Form 23C contains aggregate information not specific to a taxpayer and told him how to request Form 23C should he wish to do so. (*Id*. at Attachment B.)

Mr. Jones filed suit under FOIA. (Compl., docket # 1.) Soon thereafter, Krista Piersol, an attorney in the Office of Chief Counsel of the IRS, reviewed materials relevant to the case and spoke with agency personnel involved in processing Mr. Jones's requests.

4

(*Id*. at Ex. D, Decl. of Krista Piersol, ¶ 2.)   She determined that Mr. Huneke and Ms. Mullins had responded appropriately and timely to Mr. Jones's requests for Form 23C.  (*Id*. at ¶ 9)  However, "in the interests of judicial economy and to provide a full record of the Service's assessments against [Mr. Jones]," Ms. Piersol obtained the RACS-006 (which has replaced the Form 23C) for assessments made for the 1997 - 2003 tax years and forwarded them to Thomas Jaworski of the Department of Justice's Tax Division for release in full to Mr. Jones.  (*Id*. at ¶ 11.) By letter dated October 27, 2006, the Tax Division forwarded these materials to Mr. Jones.  (*Id*., Ex. E, Decl. of Thomas J. Jaworski, at ¶ 3.)  Mr. Jones continues to assert that the IRS has not satisfied its disclosure obligations under FOIA.  (*See* Pl.'s Answer to Def.'s Mot. for Summ. J., docket # 21.)

### Legal Standard

The IRS has moved for summary judgment under FED. R. CIV. P. 56(c).  Summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Parks v. LaFace Records*, 329 F.3d 437, 444 (6th Cir. 2003) (citing FED. R. CIV. P. 56(c)).  A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In deciding a motion for summary judgment, the Court views the evidence and draws all reasonable inferences in favor of the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  But that does not mean that any amount of evidence, no matter how small,

will save a nonmoving party from losing on a motion for summary judgment. *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007). When the nonmoving party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* District courts typically decide FOIA cases on summary judgment. *Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534, 544 (6th Cir. 2001) (citing *Jones v. FBI*, 41 F.3d 238, 242 (6th Cir. 1994)).

Upon receiving a FOIA request, the IRS "must make a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *Id.* at 547 (citing *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998)). Under FOIA, the IRS may withhold or limit the availability of records only if one of FOIA's specific exceptions applies. *Id.* at 543. Ordinarily, the IRS "may justify its claims of exemption through detailed affidavits, which are entitled to a presumption of good faith." *Id.* at 544, (citing *Jones*, 41 F.3d at 242)). Evidence of bad faith can overcome this presumption. *Id.* But "[u]nless evidence contradicts the government's affidavits or establishes bad faith, the court's primary role is to review the adequacy of the affidavits and other evidence." *Id.* (citing *Ingle v. U.S. Dep't. of Justice*, 698 F.2d 259, 267 (6th Cir. 1983) (*overruled on other grounds by U.S. Dep't. of Justice v. Landano*, 508 U.S. 165, 113 (1993)). Further, "'[i]f the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if

those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position.'"   *Id*. (quoting *Ingle*, 698 F.2d at 265).

### Application of Law

The IRS has submitted detailed affidavits describing its responses to Mr. Jones's requests. (*See* Mem. of Law in Support of Def.'s Mot. for Summ. J., docket # 20, Ex. A-E.) The affidavits reflect that the IRS carefully considered each of Mr. Jones's requests for information, searched IRS sources using methods reasonably likely to yield the requested information, and responded thoroughly to his requests.  (*See id*.)  Mr. Jones received complete responses to his November 28 and December 21, 2005 requests in the form of account transcripts capturing the records of assessments against him.  (*Id.,* Ex. B and C.) In addition, he received copies of the RACS-006 for the years requested.  (*See id.,* Ex. D and E.)  The IRS limited information provided in response to Mr. Jones's requests only as to certain employee information requested in his letter of September 14, 2005.  (*See id*., Ex. A, ¶ 6 and Attachments A and B.)  Ms. Caban's response letter set forth precisely the items from personnel records of employees the IRS is permitted to disclose to the public under FOIA.  (*See id*. at ¶ 6 and Attachment B.)   The letter explained that the IRS was denying Mr. Jones's request for the employee's Pocket Commission because "[r]eproduction of these credentials is prohibited by 5 U.S.C. 552(b)(3), (b)(6), (b)(7)(C), and (b)(7)(E) in conjunction with 18 U.S.C. § 701."  (*Id*.)  Having reviewed the legal provisions cited, the Court finds that the IRS appropriately denied Mr. Jones's request for Pocket Commission

information.  The Court finds no basis on the record to conclude that the IRS could have provided additional information responsive to Mr. Jones's request by segregating information it was not permitted to disclose.

## Conclusion

Mr. Jones argues that the IRS has withheld information responsive to his requests not subject to a FOIA exception, but he has submitted no evidence in support of this claim.  Nor has Mr. Jones submitted any evidence of bad faith on the part of the IRS.  The record fully supports the conclusion that the IRS provided Mr. Jones with all available information responsive to his requests and not prohibited by law from disclosure.  The IRS is entitled to summary judgment in this matter.

Dated:     April 25, 2008            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE